UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY E. WATSON,

    Petitioner,

v.               Case No.  8:13-cv-764-T-33MAP

SECRETARY, DEPT. OF CORRECTIONS,

    Respondent.

_____

## ORDER

 This cause is before the Court on pro se Petitioner Anthony Watson's timely-filed 28 U.S.C. § 2254 petition for writ of habeas corpus. Watson challenges his conviction and sentence entered by the Sixth Judicial Circuit, Pinellas County, Florida, in Case Numbers 92-4772 and 92-4937.   A review of the record demonstrates that the petition must be **denied.**

## BACKGROUND

 Watson was tried and found guilty of robbery, kidnaping, armed burglary, carrying a concealed firearm, and possession of cocaine in case number 92-4772; he was sentenced to five years incarceration for the firearm and cocaine offenses, and life in prison for each of the other offenses. (Exh. 001, pp. 759-766). In case number 92-4937, Watson was found guilty of robbery, kidnaping, and two counts of sexual battery. He was sentenced to life in prison as to each count. (Id., pp. 900-06).

## PROCEDURAL HISTORY

 Watson entered a plea to the charges in 1992. He subsequently filed a 28 U.S.C.

§ 2254 habeas petition in case number 8:04-cv-2759-T-26EAJ.  Watson asserted, among other things, that his 1992 plea was involuntary because he was suffering from a mental infirmity at the time of his plea.  After an evidentiary hearing, this Court granted relief in an Order dated January 3, 2011, wherein this Court granted habeas relief and directed the State to permit Watson to enter a new plea or give him a new trial. The State complied. On March 28, 2011, Watson's trial concluded with a jury verdict of guilty on all charges. Watson was sentenced September 16, 2011. The state district court of appeal per curiam affirmed Watson's conviction and sentence on January 9, 2013. (Exh. 002).

The present petition is directed toward the actions of the State court after this Court entered its order granting habeas relief in case number 8:04-cv-2479-T-26EAJ.

## THE PRESENT PETITION

Watson raises two grounds for relief in the present petition:

Ground One: Petitioner was convicted/sentenced in violation of the Double Jeopardy Clause of the 5th and 14th Amendments of the United States Constitution.

Ground Two: Petitioner was denied his constitutional right to a fair trial in violation of the 6th and 14th Amendments of the United States Constitution by improper consolidation of 2 separate cases for a single trial.

## DISCUSSION

To warrant habeas relief under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Watson must establish not only that his constitutional claim is meritorious, but also that the state court's adjudication of that claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Madison v. Comm'r, Ala. Dep't of Corr.*, 677 F.3d 1333, 1336 (11th Cir. 2012).

## GROUND TWO WAS NOT EXHAUSTED IN STATE COURT

Watson did not exhaust ground two in the state courts because he did not properly present ground two as the term "exhaustion" is understood in this Court. *Picard v. Connor*, 404 U.S. 270 (1971). To satisfy the exhaustion requirement pursuant to 28 U.S.C. § 2254(b)(1), the petitioner must "fairly present" his federal constitutional claim in each appropriate state court to alert that court to the claim's federal nature. *See Baldwin v. Reese,* 541 U.S. 27, 30 (2004). Watson's failure to timely advance his constitutional claims at the state level deprived the state courts of a "full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

A § 2254 application cannot be granted unless a petitioner "has exhausted the remedies available in the courts of the State. . . ." 28 U.S.C. 2254(b)(1)(A); *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998). In other words, a state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. at 842; *see also, Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.") (quoting *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001)); *Duncan v. Henry*, 513 U.S. 364, 365 (1995) ("Exhaustion of state

remedies requires that the state prisoner fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.").

## GROUND ONE

**Petitioner was convicted/sentenced in violation of the Double Jeopardy Clause of the 5th and 14th Amendments of the United States Constitution.**

Watson contends that his 2011 trial was a violation of the Fifth Amendment Double Jeopardy Clause because the State did not enter an order setting aside his previous judgment and sentence prior to retrying him.

It is not disputed that one of the remedies available to a defendant seeking habeas relief is a new trial. *See, e.g., Gentry v. Dueth*, 456 F.3d 687 (6th Cir. 2006). As the Sixth Circuit noted in *Gentry*, the effect of an Order such as the one entered in Watson's first federal habeas case is to nullify the State court's judgment and sentence. The State is permitted to correct the constitutional error if it can. In Watson's case, the State gave Watson an opportunity either to enter a plea of guilty or to go to trial. Watson elected to take his case to trial, and he was found guilty.

Watson's contention that his present judgment and sentence is unconstitutional because the State did not enter an order setting aside his previous judgment and sentence prior to that trial has no merit. This Court's Order granting habeas relief in case number 8:04-CV-2759-T-26EAJ was sufficient to set aside Watson's previous state judgment and sentence. No other order was required at the State level because the Supremacy Clause of the United States Constitution mandates that the actions taken by the Federal

government supersede those taken by the State. Consequently, any State order setting aside Watson's 1992 judgment and sentence would have been redundant and unnecessary.

Ground One does not warrant habeas corpus relief.

## GROUND TWO

**Petitioner was denied his constitutional right to a fair trial in violation of the 6th and 14th Amendments of the United States Constitution by improper consolidation of 2 separate cases for a single trial.**

Watson asserts that the state court improperly consolidated his two cases for trial. Watson raised this claim in his direct appeal. The state district court of appeal per curiam affirmed the state trial court's action.

Ground two does not warrant habeas corpus relief because Watson has not shown that the alleged error committed by the trial court was of a constitutional dimension. In addition, review of Watson's appellate brief reveals that Watson advanced no argument at the state level indicating that there was a constitutional violation, other than to assert generally that he was denied a fair trial. Therefore, Watson did not fairly present his constitutional claim to the state court. *Picard*, 404 U.S. at 270-71.

To satisfy the exhaustion requirement pursuant to 28 U.S.C. § 2254(b)(1), the prisoner must "fairly present" his claim in each appropriate state court to alert that court to the claim's federal nature. *See Baldwin v. Reese*, 124 S.Ct. at 1350. Watson's failure to timely advance this claim at the state level deprived the state courts of a "full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *See O'Sullivan v. Boerckel*, 526 U.S. at 845.

5

Moreover, because Watson's direct appeal is complete, he is procedurally defaulted from now raising this claim at the state level.

A petitioner is not permitted to advance unexhausted claims in a federal habeas petition. Where exhausted claims and unexhausted claims are advanced in the same petition (known as a "mixed" petition), the proper remedy is to dismiss the petition. *Rose v. Lundy,* 455 U.S. 509 (1982). If, however, the unexhausted claim is procedurally barred and is no longer capable of exhaustion at the State level, the proper procedure is to rule on the merits of the exhausted claims while denying relief as to those claims that are unexhausted. *Snowden v. Singletary*, 135 F.3d 732 (11th Cir. 1998). Watson is not entitled to relief on ground two because the constitutional dimension of his claim was never fairly presented at the state level and he is now procedurally barred from raising the claim in state court. Therefore, this Court can properly deny relief even though the claim is not exhausted.

### The Merits of Ground Two

The state trial court's consolidation of Watson's two cases for trial did not violate his due process right to a fair trial. The decision to consolidate Watson's two cases was a proper exercise of judicial discretion under Florida law. Moreover, the two cases were so intertwined that evidence from either case was likely to be introduced in the other.

Florida Rule of Criminal Procedure 3.150(a) sets forth the standard for joinder of offenses in an indictment or information: "Two or more offenses that are triable in the same court may be charged in the same indictment or information in a separate count for each offense, when the offenses . . . are based on the same act or transaction or on 2 or more connected acts or transactions." Under Florida Rule of Criminal Procedure 3.152(a)(2), a

court "shall grant a severance of charges on motion of a defendant upon a showing that such severance is necessary to achieve a fair determination of the defendant's guilt or innocence on each offense." *See Shermer v. State*, 935 So.2d 74 (Fla. 4th DCA 2006). The granting of a motion for severance is a matter within the discretion of the state trial court judge and should be overturned only where there has been an abuse of that discretion. *Johnson v. State*, 438 So.2d 774 (Fla. 1983).

In Watson's case, evidence showed that he committed multiple offenses as part of an ongoing crime "spree." The two charges at issue involved an armed robbery, kidnaping and sexual battery of a clerk at a dry cleaning store, and the subsequent armed robbery and kidnaping of a clerk at a convenience store. The state trial court concluded that there was a "meaningful relationship" between the two charges and granted the State's motion to consolidate (Id., p. 329).  A review of the relevant facts demonstrate that the state trial court's order was valid.

In case number 92-4937, Detective Tillia testified at the consolidation hearing that he took information from the clerk at the dry cleaning store. The clerk/victim advised that she observed a faded yellow station wagon pull up at about 9:00 a.m. Shortly thereafter, Watson entered through the front door and, after some initial talk about picking up his dry cleaning, Watson confronted the victim with a knife. Watson directed the clerk to empty the "till" and, still at knifepoint, moved her to the rear of the store and into the bathroom where he sexually assaulted her. Watson left the establishment. (Id., pp.1585-1594). Later investigation revealed Watson's fingerprints at the front desk area as well as in the bathroom where the sexual assault occurred. The knife was later found in Watson's faded yellow station wagon. (Id., p. 1014).  The victim described Watson as being about 30 years

7

old, six feet tall, 150 pounds, wearing brown pants.  She stated that Watson had missing and rotten teeth. The victim later identified Watson from a photo line-up. (Id., pp. 1585-1596).

In case number 92-4772, Watson was charged with armed robbery of a convenience store and armed kidnaping of the clerk. The store where the robbery occurred was within a "couple of miles" of the dry cleaning establishment where the previous crime occurred. (Id., p.1596). Deputy Hubbard testified that he received information in a BOLO (be on the lookout) describing the faded yellow station wagon.  Fourteen hours after the dry cleaning store attack, Hubbard observed Watson driving a similar vehicle about 2:30 a.m. on March 26 and, because Watson and his car together seemed to fit the general description of the BOLO, Hubbard decided to stop his vehicle (Id., pp. 1606-07). On approaching the vehicle, Hubbard observed that the driver had bad teeth and was wearing brown pants. As Hubbard continued speaking with Watson, the convenience store clerk suddenly emerged from the back seat of the yellow station wagon and ran towards Hubbard's patrol car. Subsequent conversation with her revealed that Watson had just robbed her store and kidnaped her at gunpoint. (Id., pp. 1615-18). Watson was apprehended a short time later. (Id.,  p. 1620). Watson's vehicle was taken into custody and the knife used in the rape and robbery at the dry cleaning store was found on the floorboard. (Id., pp. 1594-95).

Factors to be considered in deciding whether to consolidate two cases include the conservation of judicial resources which include the amount of courtroom time that may be used in trying the defendant. Where two offenses have a meaningful relationship, Florida courts have held that consolidation is proper. Courts that have declined to approve consolidation have done so because, primarily, the prejudice to the defendant is too strong.

8

Certainly, where two different offenses are consolidated, the jury may well decide to convict the defendant because the evidence of guilt in one case may carry over to the other. However, in the instant case, the victims in the two cases were strong witnesses, as both were able to identify Watson as their attacker (Id.,  pp. 408, 974-75, 1023). The State also presented fingerprint evidence linking Watson to the dry cleaner crime (Id., pp. 594, 604). Other independent witnesses saw Watson both outside the dry cleaner and inside the convenience store about 9 a.m. on the morning of the events. (Id.,  pp. 443, 457, 479, 686).

On being questioned, Watson admitted to committing the convenience store robbery (Id.,  p. 804); denied ever being in the dry cleaning store where his fingerprints were found (Id., p. 1075) and reported that he had been using cocaine for several days "straight" and had spent over $100 a day to purchase the drug. (Id., p. 1077). It is reasonable to conclude that the robberies were part of an ongoing crime spree designed to finance Watson's continued cocaine use.

In *Hutchinson v. State*, 731 So.2d 812 (Fla. 5th DCA 1999) the state district court of appeal explained Florida's joinder law by concluding that two otherwise distinct crimes may be consolidated where there is a meaningful connection between the two crimes. Such a connection might be established by evidence that the offenses were part of an ongoing crime spree. Such a spree, the *Hutchinson* Court explained, is defined by evidence that the defendant was engaging in similar types of crimes "so that it might be said that they emerged from a common motivational source." Here, Watson, using a weapon, robbed and sexually assaulted the female clerk at the dry cleaner.  He took all of the money from the cash register and stole jewelry from the clerk's person. He kidnaped that victim and left her in the bathroom to facilitate his escape from the scene.

In the second offense, Watson also robbed, using a weapon, a female clerk. He took all of the money available from the cash register. Watson then kidnaped the clerk to facilitate his escape.

The record supports the trial court's decision to consolidate. Watson has not shown that he was unfairly prejudiced by the trial court's ruling, or that he was denied due process as a consequence.

Ground two does not warrant habeas corpus relief.

Accordingly, the Court orders:

That Watson's 28 U.S.C.§ 2254 petition is denied.  The Clerk is directed to enter judgment against Watson and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

Because Petitioner is not entitled to a certificate of appealability, Petitioner is not entitled to appeal in forma pauperis. Petitioner is required to pay the $505.00 appellate filing fee unless the appellate court grants Petitioner in forma pauperis status on appeal.

ORDERED at Tampa, Florida, on March 10, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record
Anthony Watson